UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY SMITH, | Case No. 2:22-CV-981 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant(s). | |

Presently before the court is defendant Clark County's motion to dismiss (ECF No. 6). Defendant Las Vegas Metropolitan Police Department ("LVMPD") joined that motion. (ECF No. 7). Plaintiff Mary Smith filed a response (ECF No. 8), to which Clark County replied (ECF No. 10).

Also before the court is defendant Wellpath, LLC ("Wellpath")'s motion to dismiss (ECF No. 11). Plaintiff filed a response (ECF No. 17), to which Wellpath replied (ECF No. 23).

**I.    Background**

On July 10, 2021, decedent James Perea was arrested on a bench warrant and transported to Clark County Detention Center ("CCDC"). (ECF No. 1). While in custody on July 11, 2021, decedent was seen vomiting in his cell and was taken to the medical floor to receive treatment. (*Id*.) Unnamed Wellpath employees treated decedent with an IV and he was returned to his cell. (*Id*.)

Later that evening, a LVMPD corrections officer observed decedent in his cell lying face down with labored breathing. (*Id.*) Upon entering his cell, LVMPD employees found him unresponsive, and he was later pronounced dead on July 12, 2021, at 2:33 a.m. (*Id.*) The death

**James C. Mahan**
**U.S. District Judge**

certificate states that his cause of death was "Toxic Effects of Methamphetamine." (ECF No. 1-A).

Plaintiff, individually and as Special Administrator of the Estate of James Perea, then brought this suit, alleging ten causes of action. (ECF No. 1). Plaintiff asserts wrongful death, neglect of a vulnerable person, negligent infliction of emotional distress, intentional infliction of emotional distress, a discrimination claim under the Americans with Disabilities Act, and five 42 U.S.C. § 1983 claims. Clark County, LVMPD, and Wellpath now move to dismiss the claims against them.

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

**James C. Mahan**
**U.S. District Judge**

- 2 -

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.   Discussion**

The instant case involves four separate defendants: (1) Clark County (2) LVMPD, (3) Wellpath, and (4) the Doe defendants, whom plaintiff identifies as the "individual defendants." Claims one through six are brought under federal law, whereas seven through ten are attendant state law claims brough under supplemental jurisdiction.  For the reasons stated below, none of plaintiff's federal law claims survive.  Claims one through three, brought against the Doe

defendants will be dismissed, as will claims four through six, brought against Clark County, LVMPD, and Wellpath. Lacking an independent basis for jurisdiction over claims seven through ten, the court will decline to exercise supplemental jurisdiction and also dismiss those claims.

### A. Clark County

Plaintiff brings claims four through ten against Clark County. (ECF No. 1). She asserts that Clark County is responsible for CCDC's conduct because it contracted with Wellpath to provide medical care to individuals in custody at CCDC. (*Id*.). Clark County contends that it is merely the funding entity of CCDC and strictly serves that limited purpose. (ECF No. 6). Considering this, the court grants Clark County's motion to dismiss and dismisses plaintiff's claims against it.

Nevada law dictates that LVMPD, not Clark County, is responsible for the operation of CCDC. Nev. Rev. Stat. § 211.010, 211.020, 211.030. In pertinent part, NRS 211.010 states that "at least one county jail must be built or provided in each county and maintained in good repair at the expense of the county." However, "the sheriff is the custodian of the jail in his or her county, and of the prisoners therein, and shall keep the jail personally, or by his or her deputy, or by a jailer or jailers appointed by the sheriff for that purpose." Nev. Rev. Stat. § 211.030.

This court also resolved a nearly identical issue in *Allen v. Clark Cnty. Det. Ctr.*, No. 2:10-CV-00857-RLH, 2012 WL 395646 (D. Nev. Feb. 7, 2012). There, the plaintiff sued LVMPD, Clark County, and the contracted medical provider for inadequate medical care while in custody at CCDC. *Id*. He similarly asserted that Clark County is responsible for the conduct of CCDC because it retains the authority to establish contracts with third-party medical service providers. *Id*. The court found Clark County's role to be substantially limited to funding CCDC and therefore not reasonably related to the alleged misconduct. *Id*. Accordingly, the court dismissed all the claims against Clark County. *Id*.

The court is persuaded by the reasoning in *Allen*. While Clark County entered a contract with Wellpath to provide medical services, it was executed on behalf of LVMPD as the funding agent. The relationship between Clark County as the funding entity and LVMPD as the operating entity is too attenuated to support plaintiff's allegations against Clark County. The

James C. Mahan
U.S. District Judge

court thus finds Clark County's limited involvement is insufficient to reasonably assume it is liable for the claims against it. Accordingly, the court dismisses all claims against Clark County.

**B. LVMPD**

LVMPD joined Clark County's motion to dismiss. (ECF No. 7). Plaintiff identifies LVMPD as a defendant in claims four through ten. For the reasons below, the court grants plaintiff's motion as to claims four through six, but denies it as moot as to claims seven through ten.

a. <u>Plaintiff's Fourth and Fifth Causes of Action</u>

Smith alleges two 42 U.S.C. § 1983 causes of action under a *Monell* theory of liability. Section 1983 creates a cause of action against a person who, acting under color of state law, deprives a person of his constitutional rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id*.

There is no *respondeat superior* liability under § 1983. *Id*. Instead, for a municipal entity to be liable for damages on a § 1983 claim, there must be a showing that the municipality's "policy or custom ... inflict[ed] the injury," and that "the policy is the moving force behind the constitutional violation." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

In *City of Canton v. Harris*, the Supreme Court acknowledged that there are limited circumstances in which failure to train can be a basis for municipal liability under § 1983. 489 U.S. 378, 390 (1989). The Court held that the inadequacy of police training may serve as the basis for liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the entity came into contact. *Id*.

Smith asserts that LVMPD failed to adequately train, investigate, supervise, or discipline its officers in the following areas: screening individuals for mental illness, appropriately housing such individuals in specialized facilities or units, adequately monitoring such individuals in CCDC, and providing urgent medical care. (ECF No. 1). Smith's complaint alleges that

**James C. Mahan**
**U.S. District Judge**

- 5 -

LVMPD was aware of its deficiencies and made conscious choices to maintain the policies, constituting deliberate indifference. *Id*.

*Monell* will not be satisfied by a mere allegation that a training program represents a policy for which the governmental entity is responsible. *City of Canton*, 489 U.S. at 390. The identified deficiency in the training program must be closely related to the ultimate injury. *Id*. Thus, in order to survive a motion to dismiss, the facts must sufficiently allege a violation of a federal right, inadequate training of employees, and causation between the inadequate training and the injury. Here, they do not.

The complaint fails to plausibly allege any policies or practices that consist of deficient medical care which could be directly linked to decedent's death. Moreover, the complaint demonstrates that decedent did receive prompt attention and medical care upon displaying visible symptoms of labored breathing and sickness. Plaintiff does not provide any factual allegations showing specific policy or training that was so deliberately indifferent to the plaintiff's wellness to rise to the high burden demanded by *Monell*. Thus, plaintiff's fourth and fifth claims for *Monell* liability are dismissed as to LVMPD.

b. ADA Discrimination Claim

Plaintiff's sixth claim alleges a violation of the Americans with Disabilities Act ("ADA"), positing that decedent was denied a reasonable accommodation to participate in or receive a benefit offered by CCDC.

The ADA creates a cause of action when an individual is excluded from participation in or denied the benefits of services, programs, or activities of a public entity. 42 U.S.C. § 12132. The Supreme Court has recognized that the ADA applies to state prisons and incarcerated individuals. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998). But the Ninth Circuit has clarified that inmates' rights must be analyzed in light of effective prison administration. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1216 (9th Cir. 2008).

The crux of plaintiff's argument is that decedent should have been housed in a medical or psychiatric unit upon arrival at CCDC because of his diagnosed schizophrenia. (ECF No. 1). By

James C. Mahan
U.S. District Judge

placing him in a regular cell, the plaintiff alleges that the defendants failed to provide decedent with adequate accommodations. (*Id.*) The court finds this argument unavailing.

The complaint fails to show how decedent was deprived—as a result of an alleged disability—of a tangible benefit or service otherwise offered to other inmates. Decedent was not denied medical care because of his purported mental illness. Moreover, plaintiff's assertion that decedent should have been placed in a separate facility, monitored more frequently, and received other arrangements because of his mental illness falls outside the scope of reasonable accommodations under the ADA. The ADA does not impose an affirmative duty to provide *additional* services to individuals with a disability. Particularly when viewed in light of effective prison administration, plaintiff fails to articulate a viable violation of the ADA. Her sixth claim is therefore dismissed as to LVMPD.

**C. Wellpath**

Wellpath also brings its own motion to dismiss on all claims. For the following reasons, the court grants its motion as to claims four through six and denies it as moot as to claims seven through ten.

    a. *Monell* Claims

Plaintiff's fourth and fifth claims for *Monell* liability do not distinguish between LVMPD, Wellpath, or even Clark County. Each allegation in those claims asserts that "Clark County, LVMPD, and Wellpath" committed some sort of wrongdoing. *See* (ECF No. 1 at 12–14). Even construing plaintiff's claims generously and assuming the truth of each allegation, for the same reasons discussed above with LVMPD, plaintiff's *Monell* claims as to Wellpath fail.

It is well established that a private entity that acts under the color of state law may be liable under a *Monell* claim just as a municipal entity might be. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (collecting cases). Wellpath does not dispute that it could, theoretically, be liable under a *Monell* theory if well pled. *See* (ECF No. 11 at 6).

To succeed on a *Monell* theory failure to train claim, a plaintiff must allege that "(1) specific training deficiencies and (2) either a pattern of constitutional violations of which policymakers were aware or that training is obviously necessary to avoid constitutional

1  violations." *City of Canton*, 489 U.S. at 390–91; *see also Rose v. Cnty. of Sacramento*, 163 F.
2  Supp. 3d 787, 794 (E.D. Cal. 2016). In order to even rise to level of a *Monell* violation, the
3  failure to train must the "amount[] to deliberate indifference to the rights of persons" allegedly
4  injured by the entity. *City of Canton*, 489 U.S. at 388.

5  It is on that point that plaintiff fails. By plaintiff's own admission, Wellpath provided
6  some medical care to decedent. (ECF No. 1 at 2). Plaintiff's imprecise allegations that
7  someone's (Wellpath, LVMPD, or Clark County) failure to train an employee amounted to a
8  constitutional violation do not cross the threshold of conceivable into plausible as required by
9  *Twombly*. *See* 550 U.S. at 570. There is nothing deliberately indifferent about providing
10 decedent with prompt medical care within a day of his incarceration before returning him to his
11 cell. *See* (ECF No. 1). That plaintiff alleges some unnamed corrections officer did not
12 effectively review previous incarcerations records to determine decedent suffered from mental
13 illness has no impact as to whether the prison's contracted medical provider failed to train its
14 employees.

15 Likewise, plaintiff's fifth claim, alleging an unconstitutional policy or custom under
16 *Monell*, also fails. To prevail on this *Monell* claim, a plaintiff must show (1) the plaintiff was
17 deprived of a constitutional right; (2) the defendant had a policy or custom; (3) the policy or
18 custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the
19 policy or custom was the moving force behind the constitutional violation. *Mabe v. San*
20 *Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

21 "Proof of random acts or isolated events" does not fit within *Monell*'s meaning of
22 custom. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on*
23 *other grounds*, *Bull v. City & Cnty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010). Indeed,
24 "[o]nly if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice
25 may liability attach for injury resulting from a local government custom." *Id.* (quoting *City of St.*
26 *Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S.
27 144, 168 (1970))).

28

**James C. Mahan**
**U.S. District Judge**

- 8 -

The alleged harm, improper screening leading to decedent being housed in general population, is only speculatively related to the actual injury, his death. There is no causation between the two. Plaintiff impliedly speculates that had there been recognition of decedent's mental illness and had decedent been housed separately from other inmates then his death may not have occurred.

That conclusion is an inferential chain of at least three steps, and it fails to articulate the causation required of the moving force in a *Monell* claim. *See Oviatt v. Pearce*, 954 F.2d 1470, 1477–78 (9th Cir. 1992). Plaintiff repeatedly alleges that each of the defendants was deliberately indifferent to the "rights of mentally ill individuals," but fails to once connect that purported indifference to a custom that led directly to decedent's eventual injury.

"Obviously, if one retreats far enough from a constitutional violation some municipal 'policy' can be identified behind almost any such harm inflicted by a municipal official." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Such is the case here. Even assuming that prison officials' alleged incorrect screening of decedent was a constitutional violation, there is nothing connecting that violation to the eventual injury other than a thin chain of inferences. The complaint fails to implicate Wellpath, a medical provider that provided decedent with medical care within a day of his arrival. *See* (ECF No. 1 at 2). Both of plaintiff's *Monell* claims against Wellpath are dismissed.

        b. ADA Claim

As above, plaintiff's claim for ADA discrimination also fails as to Wellpath. A claim under the ADA requires plaintiff claim "(1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002). Where "the essence of plaintiff's claim is that he is not being provided adequate medical treatment *for* his disability because defendants are acting with deliberate indifference to his

James C. Mahan
U.S. District Judge

- 9 -

serious medical needs," a discrimination claim under the ADA will not lie. *Estrada v. Rowe*, No. C 08-2801 MMC (PR), 2010 WL 957120, at *2 (Mar. 12, 2010 N.D. Cal) (citing *Weinrich v. Los Angeles Cnty. MTA*, 114 F.3d 976, 979 (9th Cir. 1997) and holding that a prisoner failed to state a claim when his complaint alleged that prison officials had not provided him additional care for a disability covered under the ADA).

*Estrada*'s reasoning applies equally here. Decedent was not denied care because of his disability; he was allegedly denied care *for* his disability. A claim under the ADA is not the proper vehicle to allege a constitutional denial of care. The court dismisses plaintiff's sixth claim as to Wellpath.

### D. The Doe Defendants

The use of "Doe defendants" is disfavored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This court holds the power to dismiss doe defendants sua sponte. *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969). However, where defendants' identities are not known prior to filing a complaint, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (citation omitted); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430–31 n.24 (9th Cir. 1977); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978).

Here, plaintiff does not meaningfully distinguish the Doe defendants, and has, to date, failed to identify them or serve any of them with process. She purports to bring claims one through three against "All Individual Defendants," but none of the claims contain allegations specific to any one of the Does defendants. *See* (ECF No. 1 at 9–12). It is impossible to tell from the face of the complaint which Doe defendant took what action that led to the alleged constitutional violations.

Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

**James C. Mahan**
**U.S. District Judge**

- 10 -

Where, as here, plaintiff provides no description of the Doe defendants, and no specific accusations, dismissal of those defendants is appropriate.

Plaintiff must set forth sufficient facts as to allow an adverse party to prepare an adequate defense. *See, e.g.*, *Detar v. United States Gov't*, 174 F. Supp. 3d 566 (D.D.C. 2016). Here, the allegations against the so-called "individual defendants," are so vague that none, even if identified, could adequately prepare a defense. The complaint would fail, even if the Doe defendants were named. The court thus dismisses claims one through three, without prejudice.

### E. Supplemental Jurisdiction

A federal court must possess jurisdiction over an action to hear the dispute. *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016). If a court determines at any time that it lacks subject matter jurisdiction over an action, it must dismiss or remand the case as appropriate. See *id*. at 1114 (reversing and remanding with instructions to remand the case to state court, as the district court lacked subject matter jurisdiction over the claims).

In her complaint, plaintiff alleges three specific grounds for jurisdiction: 18 U.S.C. §§ 1331, 1343, and 1367. (ECF No. 1 at 6). These statutory sections predicate jurisdiction on the federal civil rights questions presented in claims one through six. 18 U.S.C. §§ 1331, 1343. Claims seven through ten are brough under supplemental jurisdiction. 18 U.S.C. § 1367. Plaintiff does not invoke diversity jurisdiction, nor does she plead in such a way that allows the court to ascertain the diversity of the parties.

The court has dismissed all claims arising under federal law. The only remaining claims are questions of state law. Therefore, the court will decline to exercise supplemental jurisdiction over claims seven through ten and need not reach the parties arguments regarding dismissal of those claims. The court dismisses claims seven through ten for want of subject matter jurisdiction and denies both LVMPD and Wellpath's motions to dismiss those claims as moot.

### IV.     Conclusion

In summary, the court dismisses all claims against Clark County. It also dismisses claims one through six as to all other defendants, without prejudice. Having dismissed all claims arising

under federal law, the court declines to exercise supplemental jurisdiction over claims seven through ten and dismisses them for want of jurisdiction, without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Clark County's motion to dismiss (ECF No. 6), as joined by LVMPD (ECF No. 7) be, and the same hereby is, GRANTED in part, and DENIED in part, as moot, consistent with the foregoing.

IT IS FURTHER ORDERED that Wellpath's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED in part, and DENIED in part, as moot, consistent with the foregoing.

IT IS FURTHER ORDERED that all claims be, and the same hereby are, DISMISSED, as to all defendants, without prejudice .

DATED December 15, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**